UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
APR 24 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Renee Ferebee, )
)
Plaintiff, )
)
v. ) Civil Action No. 18-533 (UNA)
)
Paragon Systems, )
)
Defendant. )
_____ )

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff sues a company, and perhaps its district supervisor, with a Herndon, Virginia, address. *See* Compl. Caption. Plaintiff alleges that she was sexually harassed by security

1

officers while entering an unidentified "district court house, within the days of February 16 through February 23, to file legal papers[.]" Compl. at 1, 3. Plaintiff seeks $5 million "in punitive damages" for "defamation of character, sexual harassment, tort, age conspiracy [and] mental stress[.]" *Id.* at 3.

The complaint does not present a federal question. And while plaintiff has filed a motion to use a P.O. Box address in Temple Hills, Maryland, she has not stated her citizenship or that of the defendants to bring the case within the court's diversity jurisdiction. *See* 28 U.S.C. § 1332(c) (a corporation is deemed a citizen of the state where it is incorporated and the state where it has its principal place of business); *see also Novak v. Capital Mgmt. & Dev. Corp.*, 452 F.3d 902, 906 (D.C. Cir. 2006) ("an allegation of residence alone is insufficient to establish the citizenship necessary for diversity jurisdiction.") (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 792 n.20 (D.C. Cir. 1983)). Diversity of citizenship is assessed at the time the suit is filed, *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428-29 (1991), and "the citizenship of every party to the action must be distinctly alleged and cannot be established presumptively or by mere inference," *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004). "The party seeking the exercise of diversity jurisdiction bears the burden of pleading the citizenship of each and every party to the action." *Novak*, 452 F.3d at 906 (internal quotation marks and citation omitted). Plaintiff has not met her burden; therefore, this case will be dismissed without prejudice. A separate order accompanies this Memorandum Opinion.

Date: April 21, 2018

United States District Judge